**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

VS.                                                                    CASE NO: 6:15-cr-43-Orl-28DAB

**JOSEPH ANTHONY JOHNS**

### ORDER

Defendant Joseph Anthony Johns is charged with aggravated identity theft and possession of unauthorized access devices with intent to defraud. (Indictment, Doc. 1). On February 19, 2012, Osceola County Sheriff's deputies searched Defendant's Mercedes Benz SUV. As a result of their search, the deputies discovered and seized evidence that the Government intends to use in proving its case against Defendant. Defendant moves to suppress the seized evidence, arguing that the search of the vehicle was illegal. (Mot. Suppress, Doc. 26). The Court held a hearing on Defendant's motion on July 16, 2015. (See Mins., Doc. 35; Tr., Doc. 39). Because Defendant voluntarily consented to the search, the motion to suppress must be denied.

Ordinarily, when faced with a motion to exclude evidence essential to its case, the Government presents clear and detailed evidence, setting forth the chronology of events. That was not the case here. The evidence presented by the Government at the suppression hearing was vague. It appears to me that the Government witnesses were unprepared to testify. This may have been because their recollection of events faded over time to the point that efforts to prepare were useless. At any rate, the precise timeline of

the events in this case is unclear.[1] However, the following facts were consistently stated in the report prepared shortly after the event—which I find to be the most reliable of the information presented—and in the deputies' testimony.

Responding to an unrelated complaint, Deputy Alex Rodriguez drove to a McDonald's restaurant in Osceola County. (Rodriguez Test., Doc. 39, at 7 & 14; see also Rodriguez Report, Doc. 36-1, at 2). Deputy Rodriguez entered the restaurant to investigate that complaint but returned to his patrol car a short time later. (Rodriguez Test. at 15-16). As he began to exit the parking lot, Deputy Rodriguez noticed a Mercedes SUV in the McDonald's parking lot that matched the description in a BOLO (be on the lookout) alert he received earlier in the day. (Id. at 7 & 16). Deputy Rodriguez ran the tag number and learned that the registered owner of the car—Defendant Joseph Johns—had a warrant for his arrest. (Id. at 19-20; Rodriguez Report at 2). Deputy Rodriguez approached the vehicle and spoke to Defendant, who was seated in the driver's seat; a woman and children were also in the vehicle. (Rodriguez Test. at 10 & 21). Defendant identified himself as Joseph Johns, and the driver's license he produced confirmed his identity. (Rodriguez Report at 2; see also Rodriguez Test. at 21-22). At some point, Deputy Rodriguez asked Defendant to exit his vehicle; Defendant complied and Deputy Rodriguez arrested Defendant. (See Rodriguez Test. at 25). As Deputy Rodriguez was electronically confirming the validity of the warrant, Deputy Luis Sostre arrived to back up Deputy Rodriguez. (Id. at 25-26).

Deputy Sostre asked Defendant if he had a weapon on his person, and Defendant

---

[1] For example, there is confusion regarding the sequence of events: when Deputy Sostre spoke to Defendant, whether Defendant was inside or outside of the Mercedes when Deputy Sostre spoke to him, and whether Defendant was handcuffed when he spoke to Deputy Sostre.

answered "no." (Sostre Report, Doc. 36-1, at 3; Sostre Test., Doc. 39, at 36).[2] The deputy then asked if there were weapons located in the Mercedes, and Defendant responded that there were no weapons in the vehicle and that Deputy Sostre could check if he wanted to. (Sostre Report at 3; Sostre Test. at 37). Then Deputy Sostre asked Defendant about the odor of marijuana coming from the Mercedes, and Defendant stated there was no marijuana in the vehicle and told Deputy Sostre that he could check if he wished. (Sostre Report at 3; Sostre Test. at 40). Deputy Sostre did not offer Defendant a form to provide written consent to the search, but he acted on Defendant's oral invitation to search. (Sostre Test. at 41-42). Deputy Sostre then searched the Mercedes and discovered various items, including laptop computers; a large number of credit cards, some embossed with names and others without names; and a notebook with a list of names, dates of birth, and Social Security numbers.[3] (Rodriguez Report at 2; see also Rodriguez Test. at 11; Sostre Test. at 42). Defendant seeks to suppress this evidence.

Defendant raises several bases for suppression. Defendant's primary argument is that he did not give consent for the search of his vehicle and that because there otherwise was no probable cause to search, the search was illegal. (Doc. 26 at 5-6). Defendant also

---

[2] Defense counsel objected to the admission of Sostre's report as a past recollection recorded at the hearing on the motion to suppress. (Tr., Doc. 39, at 66-68). I reserved ruling on that objection. (Id.). I now overrule the objection. "[T]he rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence." United States v. Matlock, 415 U.S. 164, 172 (1974). Additionally, the report is a record on a matter that Deputy Sostre "once knew about but now cannot recall well enough to testify fully and accurately," and it accurately reflects his stated knowledge of the event. It was also made when fresh in his memory. (Sostre Test. at 56). Thus, even if the Federal Rules of Evidence applied with full force to the evidentiary hearing, the record would qualify as an exception to the rule against hearsay and could be read into evidence, though not received as an exhibit. See Fed. R. Evid. 803(5).

[3] Marijuana was also discovered during the search of the Mercedes.

argues that there was no reasonable suspicion or probable cause to stop or search Defendant's vehicle. (Id. at 4-5 & 7-8). Finally, Defendant argues that if the search could be justified as a search incident to arrest, it exceeded its scope. (See id. at 6).

Defendant's main argument is that the deputies did not have permission to search his vehicle.[4] (Doc. 26 at 5-6). The Government responds that Defendant gave free and voluntary consent to search the vehicle without being asked. (Doc. 27 at 8-9).

"[W]here the validity of a search rests on consent, the State has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority." Florida v. Royer, 460 U.S. 491, 497 (1983). I find that the Government has met this burden and that Defendant gave the law enforcement officers consent to search his vehicle. Deputy Sostre's report, written a short time after the search, states that Defendant twice voluntarily told Deputy Sostre that he could check his car. (Sostre Report at 3). While Deputy Sostre was unclear regarding some details of the search when he testified at the hearing on the motion to suppress, he was consistent in his testimony that he received consent to search from Defendant. Accordingly, I find that Defendant gave the law

---

[4] In his motion, Defendant cites Miranda v. Arizona, 384 U.S. 436 (1966), for the assertion that a statement produced by custodial interrogation without an individual being given Miranda warnings is inadmissible. (Doc. 26 at 4). Defendant does not further argue that his motion seeks to suppress any evidence based on Miranda. To the extent his motion raises a Miranda issue, it must be denied. Physical evidence obtained as a result of a Miranda violation is not subject to the exclusionary rule. See United States v. Patane, 542 U.S. 630, 633 (2004). To the extent Defendant seeks to suppress statements made by Defendant before he was given Miranda warnings, this argument must also be rejected because Defendant does not explain which statements he seeks to suppress or when they were made.

enforcement officers consent to search his vehicle, and the evidence need not be suppressed on that basis.

Defendant also argues that the evidence should be suppressed because there was no reason for the deputies to believe that Defendant's vehicle contained contraband. (Doc. 26 at 5). However, this argument fails because Defendant gave consent for the officers to search for a weapon.

Relatedly, Defendant argues that he was unlawfully seized in violation of the Fourth Amendment because the deputies did not have probable cause to detain him. (Doc. 26 at 7-8). This argument also fails. When Defendant's car was stopped and he was arrested, the deputies had knowledge that a vehicle matching the description of his Mercedes was involved in a BOLO alert and that Defendant—the owner of the car—had a warrant for his arrest. The stop and arrest of Defendant were thus not violations of the Fourth Amendment, and evidence should not be suppressed as a result.

Defendant also argues that the deputies exceeded the scope of a search incident to arrest and that the items discovered in the search must be suppressed. (Doc. 26 at 6). However, as discussed above, Defendant validly consented to the search of his vehicle; thus, restrictions on searches incident to arrest are not applicable.

Defendant gave the deputies consent to search his vehicle. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Suppress (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August __7__, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Joseph Anthony Johns